ESTATE OF KATE S. WILBANKS, DECEASED, VIRGINIA KATE NICKERSON, PERSONAL REPRESENTATIVE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Wilbanks v. Commissioner
Docket No. 6751-88
United States Tax Court
T.C. Memo 1990-299; 1990 Tax Ct. Memo LEXIS 317; 59 T.C.M. (CCH) 896; T.C.M. (RIA) 90299; June 18, 1990, Filed *317 Held: Petitioner's motion for reconsideration of our opinion with respect to cross motions for summary judgment will be denied. D. William Garrett, Jr., for the petitioner. Larry D. Anderson, for the respondent. WHITAKER, Judge. WHITAKER
SUPPLEMENTAL MEMORANDUM OPINION This case is before the Court on petitioner's motion for reconsideration of our opinion in Estate of Wilbanks v. Commissioner, 94 T.C. (filed March 6, 1990). The Court notified respondent of petitioner's pending motion and afforded *318 him an opportunity to object within a specified period of time. Respondent did not avail himself of that opportunity. In that opinion, we decided that (1) respondent did not abuse his discretion by not approving petitioner's application for an extension of time to file decedent's estate tax return; (2) respondent did not exceed his statutory authority by determining an addition to tax under section 6651(a)(1) [1] after abatement of such addition by prior administrative action; and (3) petitioner's ultimate liability for the section 6651(a)(1) addition is a matter for decision after trial and not on the parties' cross motions for summary judgment. The opinion in Estate of Wilbanks v. Commissioner, supra, is incorporated herein by this reference. The granting of a motion for reconsideration rests within the discretion of the Court. Vaughn v. Commissioner, 87 T.C. 164, 166-167 (1986). *319 Motions for reconsideration will be denied in the absence of a showing of unusual circumstances or substantial error. Vaughn v. Commissioner, supra.
Initially, petitioner argues that we reached a decision on the abuse of discretion issue without deciding whether respondent adequately considered the grounds upon which petitioner's application for an extension of time to file decedent's estate tax return was based. Petitioner correctly observed that our opinion did not include specific findings on that issue. However, the unexplained lateness of petitioner's application for an extension of time to file decedent's estate tax return rendered such findings unnecessary. Section 20.6081-1(b), Estate Tax Regs., provides that an application for an extension of time to file a decedent's estate tax return "should be made before the expiration of the time within which the return otherwise must be filed." Petitioner neither made the application for an extension of time to file when such application should have been made, nor offered any plausible explanation for failing to do so. Accordingly, we held that respondent did not abuse his discretion by not approving petitioner's *320 application for an extension of time to file decedent's estate tax return. Next, petitioner argues that in three instances, not in any way related to this case, respondent approved applications to extend the time for filing estate tax returns which "stated that additional time was needed for the exact same reasons as this petitioner's application." Petitioner further argues that approval of those unrelated applications, which were attached as exhibits to petitioner's second supplemental brief in support of motion for summary judgment, shows that the grounds for petitioner's application constituted a "plausible explanation." [2]
*321 Petitioner misjudges the significance of respondent's approval of the three unrelated applications. Unlike petitioner's application, each of those other applications was made when application for an extension of time to file a decedent's estate tax return should have been made, i.e., "before the expiration of the time within which the return otherwise must be filed." Sec. 20.6081-1(b), Estate Tax Regs. That distinction, which petitioner attempts to minimize, is critical. We consider the lateness of petitioner's application for an extension of time to file to be sufficient reason for disapproval in light of the fact that petitioner failed to offer any plausible explanation for not making such application when it should have been made. Thus, notwithstanding the purported similarity of grounds, respondent's disapproval of petitioner's application is not at odds with his approval of the three unrelated applications. The other points raised in petitioner's motion for reconsideration pertain to the circumstances surrounding and the effect of abatement of the section 6651(a)(1) addition by prior administrative action. We believe that our opinion adequately addresses the issues arising *322 in connection with such abatement. Estate of Wilbanks v. Commissioner, supra (slip op. at 15-16). For purposes of clarification, however, we note that our decision on those issues did not depend upon the existence or content of the memorandum dated May 17, 1985. Thus, the fact that that memorandum was neither acknowledged nor admitted by petitioner is of no consequence. Finally, contrary to petitioner's assertion, we did not find as a matter of fact that "'it was the understanding of all parties involved that the applicability of the failure to file * * * penalt[y] would not be ascertained until the estate tax return had been audited,' and that that was the reason for abatement of the section 6651(a)(1) addition * * *." Rather, we indicated that respondent made an argument to that effect. Estate of Wilbanks v. Commissioner, supra (slip op. at 13). In accordance with the foregoing, petitioner's motion for reconsideration will be denied. An appropriate order will be issued. Footnotes
1. Section references are to the Internal Revenue Code of 1954, as amended and in effect as of the date of decedent's death.↩
2. Petitioner amended its motion for summary judgment so as to incorporate an explanation of why the application for an extension of time to file was not made before the original due date of decedent's estate tax return. In our prior opinion, we concluded that petitioner did not offer a "plausible explanation" for failing to do so. Thus, our use of those terms was limited to commenting upon the lateness of petitioner's application, not upon the merit of the grounds set forth in such application. This distinction has apparently been lost on petitioner.↩